## SEALE v. GARVEY. (No. 873.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 19, 1923.)

**1. Venue  28—Evidence held to establish defendant's residence in county, though he was preparing to move.**

Facts *held* sufficient to establish defendant's residence in particular county, though it was shown that he had just prior to the commencement of the action been making active preparations to leave the county, and acquire a residence elsewhere.

**2. Partnership  55—Evidence held insufficient to show partnership between farm owner and tenant.**

Evidence of dealings between the owner of a farm and a tenant thereof, and an agreement that the tenant was to share in the increase of hogs belonging to the owner, which he cared for, *held* insufficient to establish the relation of partner between them.

**3. Partnership  217(3)—Evidence held insufficient to show merchandise was bought for farming partnership.**

Evidence *held* insufficient to show that any item of merchandise making up an account sued upon was purchased for an alleged farming partnership.

**4. Appeal and error  173(9)—Estoppel to deny partnership not pleaded cannot be asserted first on appeal.**

An estoppel to deny an alleged partnership which is not pleaded cannot be first urged on appeal.

Appeal from Liberty County Court; Sam Houston Cain, Judge.

Action by Noble Garvey against Allan Seale and N. K. Andrews, as a partnership. From an order of the court overruling a plea of privilege filed by the first-named defendant, he appeals. Reversed and remanded, with instructions.

Harris & Harris, of Nacogdoches, and C. H. Cain, of Liberty, for appellant.

J. Llewellyn and P. C. Matthews, both of Liberty, and M. W. Harrall, of Cleveland, for appellee.

HIGHTOWER, C. J. The appellee, Noble Garvey, filed this suit in the county court of Liberty county against Andrews & Seale, alleged to be a partnership, composed of N. K. Andrews and Allen Seale, and that the partnership was engaged in farming in Liberty county. The suit was upon an open account for merchandise alleged to have been sold and delivered to the partnership, amounting, in the aggregate, to $480.23. The petition alleged, substantially, that Allen Seale was a resident of Nacogdoches county, Tex., but did not state where Andrews resided, but did state that he was temporarily out of Liberty county, without stating his whereabouts.

Both Andrews and Seale were served with citation, but Andrews filed no answer, and Seale filed a plea of privilege to be sued in Nacogdoches county, admittedly the county of his residence. In this plea he also alleged that Andrews was not a resident of Liberty county at the time the suit was filed. His plea was in all respects sufficient as a plea of privilege, both in form and substance. To this plea the appellee, Garvey, filed a controverting affidavit, in which it was stated as a fact that Andrews was a resident of Liberty county at the date the suit was filed, and at the time of service of the citation upon him.

The trial court proceeded to hear and determine Seale's plea of privilege, and upon conclusion of the evidence relative to this plea, the court overruled the plea of privilege, from which order Seale prosecutes this appeal.

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It will be observed from the statement thus far that the plaintiff sought to hold Seale to the suit in Liberty county upon the grounds. that he and Andrews were partners in the farming business, and that one of the partners, Andrews, resided in Liberty county, and that the merchandise making up the account was purchased for the partnership. It is appellant's contention before this court: First, that the evidence adduced upon the trial of the plea of privilege failed to show that Andrews resided in Liberty county at the time of the filing of this suit, but, on the contrary, showed affirmatively that he was not a resident of that county at the time; second, that the evidence failed to show the claimed partnership; and, third, that, if the evidence was sufficient to show any character of partnership, it was wholly insufficient to show that the merchandise in question was purchased for the partnership. We shall take up these contentions of appellant in their order.

[1] The evidence in the record shows that Seale owned a farm in Liberty county, and that in September, 1916, Andrews moved upon this farm, and remained there with his family until some two or three days before this suit was filed, which was September 27, 1920. On the day the suit was filed Andrews was not in Liberty county, but had been absent from the county several days prior to that time, and was in Williamson county, where he had gone expecting to find a place to locate. He found no location, and was on his way back home on September 28th, the day after the suit was filed, and was seen in the town of Cleveland, in Liberty county, on that day, and was there served with citation in this cause. When he left Liberty county looking for a location, he intended, if he found one, to move his family to it, and there reside. During his absence, however, his wife remained on the Seale farm, in Liberty county, and his household effects and such personal property as he had also remained on the Seale farm; preparations were being made, however, by the family to leave Liberty county, and Mrs. Andrews, in fact, left Liberty county on the 28th or 29th of September, one or two days after the suit was filed, and never returned. She went direct from Liberty county to her father's home in Williamson county, where she visited several weeks. After that, Andrews moved with his family to Carnes county, Tex. No home or place of location had been purchased or found by Andrews at the time this suit was filed, and none of his household effects or personal property had been removed from Liberty county at that time, but the most that can be said is that he was making active preparations to leave that county and acquire a residence elsewhere. Under such state of facts, it must be held that Andrews was a resident of Liberty county at the time this suit was filed. Brown v. Boulden, 18 Tex. 432. A quotation from the syllabus in this case will suffice to show the holding by the court:

"If a defendant is in the act of removing from one county to another, and his affairs are in such a state, that it cannot be certainly known in which county his residence in fact is, we think it may be held, consistently with the legislative. intention, that the suit may be brought in either. At all events, where, as in this case, he has had his residence in one county for a considerable time anterior to the bringing of the suit, that, for the purposes of the suit, ought to be held to be the place of his residence, until he has effected an actual and complete change of residence, from that to another county, not only by going to prepare a home for his family in the latter county, but by actually removing his family and principal effects from his former to his new home."

Appellant's contention that the evidence was insufficient to show that Andrews was a resident of Liberty county at the time the suit was filed must be overruled.

[2] The next inquiry is: Was the evidence sufficient to establish the claimed partnership, and that the merchandise making up the account was purchased for the partnership? Upon the trial of the plea of privilege, the defendant Andrews appeared as a witness for the plaintiff, and, after having first stated generally that he and defendant Seale were partners, in answer to further questions put to him, further testified as follows:

"The kind of partnership that existed as halves in the hogs. He (meaning Seale) was to furnish the old hogs and I was to raise them. * * * He was to furnish the old hogs and I was to get half of the increase."

[3] The evidence by Andrews was the only evidence adduced upon the trial by which it was sought to establish the claimed partnership between Andrews and Seale. The testimony of Seale upon the trial was to the effect that no character of partnership existed between him and Andrews. The undisputed testimony of all the witnesses was to the effect that Seale, the owner of the farm in Liberty county, procured Andrews to go upon the farm in the fall of 1916. The arrangement was that Andrews was to work the farm and Seale was to have as rent for the farm one-fourth of all the cotton and one-third of all the corn that was raised by Andrews. The testimony further showed, without dispute, that Seale had stock upon the farm which he purchased at different times, consisting of mules, some cattle, and some hogs. According to Seale's evidence, he paid Andrews $25 per month to look after Seale's stock upon the farm and his interests in general, and this was in addition to the three-fourths of the cotton and two-thirds of the corn that Andrews was to keep as his own. Clearly, there is nothing in the record

showing any character of partnership between Seale and Andrews in the farming business, as alleged in the petition of plaintiff, but the most that could be said is that there was some kind of an arrangement between them as to the division of hogs that Andrews might raise while upon Seale's farm. We have quoted his language above as to this, and we fail to find in anything he said the relation of partnership between him and Seale, even as to the limited matter of raising hogs. He admitted, as we have shown, that Seale was to furnish some hogs, and that he (Andrews) was to share in the increase of these hogs for his services in attending to them. This, in our opinion, would not be sufficient to establish, in legal contemplation, the relation of partnership between Seale and Andrews. Unquestionably, the whole record shows that Andrews was but a tenant upon Seale's farm, and that, for his services in attending to the hogs that Seale might place upon the farm, he (Andrews) was to be compensated by sharing in the increase. That is as far as the evidence goes to sustain the claimed partnership. We hold, therefore, that the evidence was wholly insufficient to sustain the plaintiff's allegation that Andrews and Seale were partners, as alleged in the plaintiff's petition. If, however, we should be mistaken in this, the evidence is wholly insufficient to show that any item of merchandise making up the account sued on was purchased by Andrews for the partnership, if there were such. By far the greater portion in value of the merchandise was shown by the evidence to be for the use of Seale's mules. Other items were shown to be for the use of Andrews' family. There were some small items regarding the use of which there was no evidence. Andrews did not claim to have any interest in Seale's mules, nor was it shown that Seale had any interest in any of the other items making up the account. There was no allegation in the plaintiff's petition in this case that Andrews was Seale's agent, and was authorized to make any purchases from plaintiff on his account. On the contrary, the evidence of Seale showed that Andrews was not authorized to make any purchases from anybody to be charged to Seale, but was expressly forbidden to do so.

[4] There was filed in this case, after its submission, a short brief by attorneys for the appellee, in which it is suggested that Seale might be held as a partner of Andrews upon the theory of estoppel, that is to say, that Seale permitted Andrews to hold himself and Seale out to the public as being partners, and that they ought to be so held. It will be a sufficient answer to this contention to say that there was no such issue pleaded, and no attempt to hold Seale to the suit in Liberty county on any such theory. It may be that upon a proper pleading the plaintiff

will be able to establish Seale's liability on the theory now suggested by counsel for appellee, but we have no such case before us, and, in view of the pleadings upon which the plea of privilege was heard, and the undisputed evidence as shown by this record, it is our conclusion that the trial court was clearly in error in overruling the plea of privilege. The judgment will therefore be reversed, and the cause remanded, with instructions to the lower court to sustain appellant's plea of privilege, and change venue to Nacogdoches county, Tex.

Reversed and remanded, with instructions.